Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
250 Park Ave, 7th Floor
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------- x
CHARMING BEATS LLC,                            Case No.: 21-cv-8609

                    Plaintiff,         **ECF CASE**

          v.                                     **COMPLAINT AND JURY DEMAND FOR DAMAGES FOR COPYRIGHT INFRINGEMENT**

FACEBOOK, INC.,

                    Defendant.
----------------------------------------- x

Plaintiff CHARMING BEATS LLC, by and through the undersigned counsel, brings this Complaint and Jury Demand against defendant FACEBOOK, INC. for damages based on direct and indirect copyright infringement and related claims pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act") and violations of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201-05 (the "DMCA"). Plaintiff alleges below, upon personal knowledge as to itself, and upon information and belief as to other matters so indicated.

## JURISDICTION AND VENUE

1. This court has Subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

## SPECIFIC JURISDICTION

2. Defendant maintains a headquarters in this Judicial District at 770 Broadway, New York, NY 10003, and is properly subject to jurisdiction before this Court.

3. Alternatively, defendant is headquartered in Menlo Park, CA, and committed a tort without the State, knowing it would cause damage to plaintiff in New York.

4. Defendant regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed orservices rendered, in the state.

5. Defendant generates substantially all of its revenue from interstate and international commerce.

6. Defendant directs its products to New York through its websites located at <wwww.facebook.com>.

7. Jurisdiction is conferred over defendant pursuant to CPLR §§ 301, 302(3)(i) and (ii).

## VENUE

8. A plaintiff may bring a case in: "(2) a judicial district in which a substantial partof the events or omissions giving rise to the claim occurred. . . ; or, (3) if there is no district in which an action may otherwise be brought . . . a judicial district in which any defendant is Infringing to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(1)-(3).

9. At bar, a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## DUE PROCESS

10. There are no due process concerns in light of the fact that defendant maintains a headquarters in this Judicial District. Defendant also committed an intentional tort that it knew had an effect in this Judicial District.

11. Upon information and belief, defendant frequently contracts with companies in this Judicial District such that it reasonably knows it may be haled into this forum.

## PARTIES

12. Plaintiff CHARMING BEATS LLC is a limited liability company organized under the laws of New York with a headquarters located at 75-10 197th St, 2nd Floor, Flushing, NY 11366.

13. Upon information and belief, defendant FACEBOOK, INC. is a corporation organized under the law of the Delaware with a primary headquarters located at 770 Broadway, New York, NY 10003. Process can be served on defendant through its agent Corporation Service Co. located at 80 State Street, Albany, NY 12207.

## FACTS

14. Plaintiff is the sole beneficial owner by assignment of an original musical composition and recording titled *"Anything You Synthesize"* – U.S. Copyright Registration No. SR 713-287. See **Exhibit 1.**

15. Defendant is a multi-national advertising and data sales corporation, that owns and operates a social media/data collection website located at <www.facebook.com> (the "Facebook Website").

## THE INFRINGING DERIVATIVE

16. The infringing derivative work at issue here is titled "Caramelo". The infringing derivative consists of a musical component which is an unlicensed reproduction of the

Copyrighted Track, and lyrics performed over the Copyrighted Track by the French "rapper" Ninho (the "Infringing Derivative").

17. The Copyrighted Track runs from the beginning to the end of the Infringing Derivative.

18. Over 38% of the Infringing derivative is just the Copyrighted Track with no lyrics.

19. The Infringing Derivative is an infringement of plaintiff's right to copy and create derivative works as set forth in 17 U.S.C. § 106.

20. In 2017, after a very public lawsuit filed by plaintiff's predecessor in interest against Warner Music Group titled *Yesh Music, LLC v. Warner Music Group Corp*., 2019-cv-7832 (E.D.N.Y.) (the "Warner Action"), all uploads of the Infringing Derivative were removed from every digital service provider.

## NOTICE TO DEFENDANT

21. A third party "Rapexclu" uploaded to the Facebook Website a music-only video that synchronizes the Infringing Derivative.

22. A music-only video consists of an audio-track and a static image. The static image here is the cover of the album Comme Prevu by Ninho (the album the Infringing derivative was originally published).

23. The Copyrighted Track is synchronized in its entirety from the beginning to the end of the infringing video.

24. On the morning of October 5, 2021, at 7:15 am, plaintiff served a DMCA Take-Down notice on defendant demanding the Infringing Derivative be removed from the page of "Rapexclu" located at <https://www.facebook.com/watch/?v=1937294126584719>. See **Exhibit**

4

**2**.

25. The first October 5, 2021 DMCA Take-Down notice was filed using defendant's on-line DMCA Take-Down form.

26. When the Infringing Derivative was not removed, plaintiff filed a second DMCA Take-Down notice using defendant's on-line form on the evening of October 5, 2021. See **Exhibit 3**.

27. Defendant refused to take-down the Infringing Derivative. Instead, on October 6, 2021 defendant responded:

> Thanks for contacting us. It looks like you're attempting to report content that you believe infringes your copyright. To review your report further, we'll need you to provide the following:
>
> - An explanation of how you believe the reported content is infringing your copyright.
>
> Once we've received this additional information, we'll continue to look into your report.

See **Exhibit 4**.

28. Both of the two DMCA Take-Down notices dated October 5, 2021 state in explicit detail the reported content infringes plaintiff's Copyrighted Track. In each demand plaintiff wrote:

> Copyrighted recording Anything You Synthesize plays from the beginning to the end.

See **Exhibits 2 and 3.**

29. On October 13, 2021, a third DMCA Take-Down Notice was served for the same post by "Rapexclu" located at <https://www.facebook.com/watch/?v=1937294126584719>. See **Exhibit 5**.

30. On October 15, 2021, defendant sent the same response as above, requesting:

> An explanation of how you believe the reported content is infringing your copyright.

See **Exhibit 6.**

31. Again, the third DMCA Take-Down Notice October 13, 2021 clearly stated:

> The copyrighted recording Anything You Synthesize U.S. copyright registration no. SR 713-287 plays from the beginning to the end of the video without a license.

32. Plaintiff, through counsel, did respond on October 15, 2021, providing an MP3 copy of the Copyrighted Track and the following statement:

> The copyrighted track attached runs from the beginning to the end of the subject video without a license.
>
> I can represent that Facebook will be the defendant in a lawsuit if this video is not removed within 72 hours.

See **Exhibit 7**.

33. Defendant again rejected plaintiff's demand this time stating:

> Thanks for contacting us. Based on the information you have provided and context of the reported post, it is not clear to us that the reported post infringes your intellectual property rights. Specifically, we don't understand the basis for your assertion that you own the copyright in the reported post or are otherwise in a position to submit this report.
> For this reason, we are unable to act on your report at this time.

See **Exhibit 8**.

34. Every DMCA Take-Down notice submitted by plaintiff's counsel stated:

> Describe your relationship to the rights owner. : I am reporting on
>
> behalf of my organization or client.
>
> Your full name : Richard Garbarini
>
> Mailing address : Garbarini FitzGerald PC

>250 Park Ave., 7th Fl.
>
>New York, NY 10177
>
>Email address : rgarbarini@garbarinilaw.com
>
>Confirm your email address : rgarbarini@garbarinilaw.com
>
>Name of the rights owner : Charming Beats LLC.

35. There is no possible way defendant was not fully aware that plaintiff's counsel had the right to act on plaintiff's behalf; it stated exactly that on every notice.

36. On October 16, 2021, plaintiff's counsel, from the law-firm's email, stated:

>You have now lost the safe-harbor protections of the DMCA. I provided the original track which runs from the begining to the end of the infringing video. We will file on Monday, October 19, 2021 at 5:00 pm if it is not removed.

See **Exhibit 9**.

37. On October 19, 2021, counsel for plaintiff responded to defendant's October 6, 2021 denial of the first two DMCA Take-Down request by stating:

>The attached copyrighted recording and composition runs from the beginning to the end of each video identified in the URLs. There is no license for this use by any of the uploaders.
>
>Last warning, Facebook has lost its safe-harbor protection under the DMCA. Remove the posts or face litigation.

See **Exhibit 10**.

38. Defendant responded on October 19, 2021, revealing the true motive for defendant's repeated denials, and disingenuous responses. Defendant stated:

>Facebook and labels and publishers have partnered concerning the use of music on Facebook. As a result, we are unable to process your request through this channel.
>
>If you believe that the reported content violates a provision of Facebook's partnership with a label or publisher that you are

7

>authorized to report for, please contact the appropriate individual within your organization to file a music partner request through the designated appropriate channels.

See **Exhibit 11**.

39. As of the date of this Complaint, the Infringing Derivative is still active and available to the public and can be accessed through the same URL identified by plaintiff on four occasions.

## DEFENDANT LOST ITS SAFE-HARBOR PROTECTION

40. The DMCA's "safe harbor" regime offers immunity to claims of copyright infringement if (among other requirements) online service providers promptly remove or block access to infringing materials after copyright holders give appropriate notice.

41. Plaintiff, through counsel, submitted four notices under the DMCA on defendant to remove the Infringing Derivative.

42. Plaintiff, through counsel, provided a specific URL with each notice, and submitted all the requisite information required by the DMCA.

43. Each request filed on behalf of the plaintiff utilized the defendant's own on-line DMCA Take-Down request form.

44. Defendant had, and has, actual knowledge of the infringement and an awareness of facts and circumstances making the infringement apparent.

45. Defendant denied four separate DMCA Take-Down notices, and the two follow-up notices, which provided the exact information defendant requested, even though the information defendant requested was already contained in each of the DMCA Take-Down notices.

46. Defendant interjected fictitious barriers, and continued to refuse to take down the

Infringing Derivative, even after plaintiff complied with defendant's fictitious barriers.

47. Defendant was warned each time that it was violating the DMCA and plaintiff would defend its property

48. Defendant's final response -- "Facebook and labels and publishers have partnered concerning the use of music on Facebook. As a result, we are unable to process your request through this channel" – discloses the true reason for the denials.

49. Defendant has elected to protect its relationship with the major labels, over complying with its obligations under the DMCA.

50. In 2017-18, defendant adopted a strategy of integrating music in website.

51. In 2018 defendant announced a partnership with Warner Music Group Corp.

52. Ole Obermann, Warner Music Group's Chief Digital Officer, described the partnership with defendant as follows:

> "Our partnership with Facebook will help expand the universe of music streaming and create supplementary revenue for artists. Fan-created video is one of the most personal, social and often viral ways that music is enjoyed, but its commercial potential is largely untapped. This collaboration will lead to new possibilities for our artists, while enhancing the user experience across Facebook, Instagram and Oculus, and enabling people to communicate and express themselves using the music they love."

53. In 2018, defendant also entered into music partnerships with Universal Music and Group, Sony/ATV, and a licensing deal with Kobalt, HFA/Rumblefish and Global Music Rights.

54. In April 2021, defendant announced it was expanding its deal with Spotify to create a music player that would stream songs from Spotify.

55. Defendant derives significant financial benefit from maintaining its relationship with its partners, at the expense of independent artists like plaintiff.

56. It is far more lucrative for defendant to maintain the Infringing Derivative, which

is a banned Warner Music Group creation, than to comply with its obligations under the DMCA.

57. Defendant's failure to expeditiously remove the Infringing Derivative or block access on proper notice, deprives it of the right to invoke the safe-harbor provisions of the DMCA.

## DMCA VIOLATIONS

58. Defendant allowed the misidentification of the author of the Infringing Track as Ninho; omitting plaintiff, and the artists of the Copyrighted Track.

59. Plaintiff was informed on at least six occasions that plaintiff was the owner of the Copyrighted Track, and the Copyrighted Track ran from the beginning to the end of the Infringing Derivative.

60. Defendant refused to correct the misidentification, and continues to the date of this Complaint, to misidentify the author of the Infringing Derivative despite the numerous notices.

61. Defendant has violated 17 U.S.C. § 1202. Plaintiff is entitled to up to $25,000 per violation of the DMCA, plus its reasonable attorneys' fees, and costs incurred in this action.

## THE INFRINGEMENT

62. Defendant had, and has, no license or authority to create or permit an unlicensed derivate of the Copyrighted Track.

63. Defendant continues to distribute and public display the Infringing Derivative, knowing it violates plaintiff's exclusive rights under Section 106 of the Copyright Act.

64. Defendant will clearly continue to infringe unless the Court sends a significant message that defendant may not violate the rights of vulnerable independent artists in favor of the financial gain it receives from its partnerships.

65. Defendant has directly infringed plaintiff's rights, and plaintiff is entitled to its compensatory damages, plus defendant's profit in excess of plaintiff's compensatory damages.

66. Defendant's conduct clearly satisfies the standard for enhanced damages set forth in Section 505(c) of the Copyright Act. Plaintiff may elect a statutory damage award in lieu of its compensatory damages of up to $150,000, plus its reasonable attorneys' fees, and costs incurred in this action.

67. Based on defendant's predatory conduct here, and steadfast refusal to stop infringing plaintiff's rights, only an award at the very top of the statutory scale will serve the interests the Copyright Act sought to balance.

## DAMAGE CALCULATION

**Actual Damage Calculation**

68. Plaintiff is entitled to its standard licensing fee for the Copyrighted Track of $5,000 per year (Internet only) for the three years prior to this Complaint for a total of $15,000.

69. Plaintiff's actual damages calculation must be increased to include defendant's direct, and indirect, profit from its exploitation of the Copyrighted Track, in excess of plaintiff's actual damages, plus the reasonable attorneys' fees and costs incurred in this matter.

**Statutory Damage Calculation**

70. In the event plaintiff elects one enhanced statutory damage award, an award at thehigher part of the range is demanded by the facts and circumstances in this matter.

71. First, the calculation should start with plaintiff's lost license revenue of $15,000 multiplied by three ($45,000).

72. Defendant's state of mind supports a much higher statutory damage award.

11

There is a complete absence of any facts to support the position that defendant had a good faith belief it could, and can, copy, distribute, and publicly display the Infringing Derivative. Defendant's failure to cease the unlicensed public display of the Infringing Derivative, after six separate demands, directly informs the analysis concerning defendant's state of mind.

73. Defendant has adopted a predatory strategy, favoring its partnerships with the largest companies in the music industry, and bullying a small artist like plaintiff.

74. The forgoing supports the fact that defendant's state of mind was willful at all times relevant to this Complaint.

75. An additional substantial amount, subject to proof, should be included in the statutory damage award calculation as a deterrent effect necessary to discourage defendant from engaging in the acts described herein in the future.

76. Defendant clearly has no desire to cooperate in any manner with plaintiff's requests to participate in a resolution.

77. The forgoing demonstrates defendant's attitude and lack of willingness to participate in a resolution.

78. The enhanced statutory damage award, in light of the forgoing, should be $150,000, plus reasonable attorneys' fees and costs incurred in this matter.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

79. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

80. It cannot be disputed that the plaintiff has a valid, registered copyright, and owns all rights to the Copyrighted Track.

81. Defendant without a license or authority, reproduced, distributed, and publicly

displayed plaintiff's Copyrighted Track.

82. Defendant publicly displayed the Infringing Derivative for the sole purpose of commercial gain.

83. Defendant refused to cease-and-desist after multiple demands from plaintiff, through counsel.

84. Defendant's use of the Copyrighted Track was not for criticism, comment, newsreporting, teaching, scholarship, or research.

85. Defendant's use was not transformative.

86. Defendant elected to reproduce, distribute, and publicly display plaintiff's Copyrighted Track, from the beginning to the end, without a license.

87. As a direct and proximate result of defendant's acts of infringement of plaintiff'sexclusive rights to the Copyrighted Track as set forth in Section 106 of the Act, plaintiff has incurred damages, and requests an award of defendant's direct, and indirect, profits in excess ofplaintiff's compensatory damages, and plaintiff's compensatory damages, plus costs, interest, and reasonable attorneys' fees incurred in this matter. Plaintiff may also elect to recover one statutory damage award pursuant to 17 U.S.C. § 504(c)(2) for willful infringement/reckless disregard of up to $150,000, but not less than $30,000 plus costs, interest, and reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF
## VICARIOUS COPYRIGHT INFRINGEMENT

88. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

89. Defendant had the right and obligation to monitor and address the third-party infringements.

90. Defendant elected not to, in favor of the financial gain expected from the relationship with its primary music partner Warner Music Group.

91. At all times defendant had knowledge of, and directly aided, the third-party infringers.

92. As a direct and proximate result of defendant's acts of vicarious infringement of plaintiff's exclusive rights to the Copyrighted Track as set forth in Section 106 of the Act, plaintiff has incurred damages, and requests an award of defendant's direct, and indirect, profits in excess of plaintiff's compensatory damages, and plaintiff's compensatory damages, plus costs, interest, and reasonable attorneys' fees incurred in this matter. Plaintiff may also elect to recover one statutory damage award pursuant to 17 U.S.C. § 504(c)(2) for willful infringement/reckless disregard of up to $150,000, but not less than $30,000 plus costs, interest, and reasonable attorneys' fees.

**THIRD CLAIM FOR RELIEF**
**VIOLATION OF DMCA OF 1998**
**17 U.S.C. §§ 1201, et seq**.

93. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

94. Defendant failed to include any information which identified the Copyrighted Track, the author of the Copyrighted Track, the owner of any right in the Copyrighted Track, or information about the terms and conditions of use of the Copyrighted Track.

95. Defendant continued to publicly display the Infringing Derivative with a misrepresented attribution despite seven separate notices from plaintiff.

96. Defendant violated Section 1202 of the DMCA.

97. Defendant did the forgoing with the intent to conceal the infringements.

98. Plaintiff seeks award of statutory damages for each violation of Section 1202 of the DMCA in the sum of $25,000.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendant, and awarding plaintiff as follows:

1. restitution of defendant's unlawful proceeds in excess of plaintiff's compensatory damages;
2. plaintiff's compensatory damages in an amount to be ascertained at trial;
3. a statutory damage award to plaintiff according to proof, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));
4. an award of statutory damages for each violation by defendant of the DMCA, 17 U.S.C. § 1202;
5. plaintiff's reasonable attorneys' fees and costs (17 U.S.C. § 505);
6. pre- and post-judgment interest to the extent allowable; and,
7. such other and further relief that the Court may deem just and proper.

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: October 20, 2021  **GARBARINI FITZGERALD P.C.**
New York, New York

By *Richard M. Garbarini*
Richard M. Garbarini (RG 5496)